## City of Philadelphia v. Ruczynski

*Beasley & Ornsteen*, for petitioner.

*Karl I. Schofield*, Assistant City Solicitor, and *David Berger*, City Solicitor, for City of Philadelphia.

HAGAN, P. J., June 8, 1961.—This case involves the right of the City of Philadelphia to refuse a person permission to make photostatic copies of reports of the Accident Investigation Division of the Police Department (hereinafter referred to as "AID reports").

The action was brought under the so-called "Right to Know" Act of June 21, 1957, P. L. 390, sec. 1, 65 PS §66.1, et seq. That act provides, basically, that any citizen of the Commonwealth is entitled to inspect or make copies of "public records." 65 PS §66.4 provides that, if any citizen of the Commonwealth is denied any right granted him under the act, he may appeal to the appropriate common pleas court. The act, however, does not provide for the procedure to be followed in such an appeal.

Pennsylvania Rules of Civil Procedure Nos. 1 to 13 govern appeals from certain administrative agencies, and rule 1★(a) of the Philadelphia Common Pleas Courts states that, unless otherwise provided, the practice and procedure in appeals "from administrative agencies of the City of Philadelphia and other like bodies, from which appeals are allowed by law" shall be taken in accordance with the procedure prescribed in rules 1 to 13. The procedure set forth in these rules is that appellant files an appeal in the form prescribed in the rules and may file exceptions. The prothonotary issues a writ of certiorari to the agency, which then certifies the record to the court. The scope of the appeal is stated as being "upon the record and the exceptions filed thereto."

In this case, the appeal was taken by means of filing a petition which set forth substantially that petitioner is a citizen of the Commonwealth of Pennsylvania and a resident of the City of Philadelphia; that on March 13, 1961, petitioner requested of the Commissioner of Records the right to make mechanical

reproductions of various AID reports, which reports were in the possession and custody of the Commissioner of Records, and that the commissioner refused petitioner's request. The petition alleges that the commissioner's refusal violated the "Right to Know" Act. The city filed no answer to this petition, nor has any record been certified to us by any administrative agency.

The only record which we have before us, therefore, is the petition, and the only facts which we can consider are those contained therein. It is clear at the outset, therefore, that a good many of the arguments on both sides were based upon facts which are not in the record.

This city's position in this matter, basically, is that (1) AID reports are not "public records" within the meaning of that term as employed in the "Right to Know" Act, and (2) that appellant has the right to inspect AID reports and to copy them manually, but that he can only do so in cases in which he has a direct interest and not as a means of livelihood or by using city electricity. On the record which is now before us, however, there is nothing to indicate the purpose for which, or manner in which, appellant proposes to copy AID reports.

The city's position in this case would appear to be inconsistent. The city contends that AID reports are not public records and relies upon the case of Wiley v. Woods, 393 Pa. 341, to support this position. As we read that case, however, it is not applicable to the facts of the instant case. The Wiley case holds that reports of an investigation are not public records under the "Right to Know" Act where that investigation is being made for the purpose of taking further action by the city. In such a case, the report of the investigation may be considered in the nature of a confidential report.

AID reports are not of the same confidential nature as the reports involved in the case of Wiley v. Woods, supra, but, to the contrary, the city, by its own conduct has, in effect, recognized them as public records. The "Right to Know" Act does not distinguish between the right to inspect and the right to copy. Therefore, it would seem that if appellant has the right to inspect AID reports (and the city does not deny that he does), he has the right to copy them. The act does provide, however, in 65 PS §66.3, that "The lawful custodian of such [public] records shall have the right to adopt and enforce reasonable rules governing the making of . . . extracts, copies, photographs or photostats."

As we view this case, therefore, the real question is not whether or not AID reports are public records which may be copied, but, rather, it is the right of the city to "adopt and enforce reasonable rules governing the making of . . . extracts, copies, photographs or photostats." In this respect, the Department of Records, together with all other city departments, is given the power, under the City Charter, as well as under the "Right to Know" Act, to adopt regulations, and the procedure for adopting such regulations is set forth in section 8-407 of the charter.

It is our conclusion that, in the absence of promulgated rules and regulations with respect to the manner in which AID reports are to be inspected and copied, the Department of Records has no legal right to make ad hoc, and perhaps variable, determinations and limitations under which AID reports may be inspected and copied.

As we have heretofore stated, the Department of Records has been given authority to "adopt and enforce reasonable rules governing the making of . . . extracts, copies, photographs or photostats." The Department of Records, therefore, should proceed to

adopt and promulgate general and reasonable rules with respect to the inspection and copying of AID reports in accordance with the procedure prescribed in section 8-407 of the charter.

Whether a regulation which would prohibit the copying of AID reports by photostatic equipment would be a "reasonable rule" within the meaning of the statute under consideration, we are not now called upon to determine.

However, in adopting and promulgating such rules and regulations, procedures should be incorporated therein under which a person who has been aggrieved by a decision or determination of the Department of Records with respect to the statute under consideration would have a right to an administrative hearing, so that eventually a record would be made of the proceedings, and, upon a writ of certiorari, such record would be certified to a Court of Common Pleas. Such procedure would appear to us to be required by Pennsylvania Rules of Civil Procedure Nos. 1 to 13, regulating appeals from administrative agencies and Rule 1★(a) of the Rules of the Courts of Common Pleas of Philadelphia. Upon appeal from a decision of the Department of Records, the Court of Common Pleas would then have a record before it, which is completely lacking in the instant case.

For the foregoing reasons and on the basis of the record which has been brought before us, the appeal of Edmond R. Ruczynski is hereby sustained, and the Department of Records is hereby ordered and directed to permit petitioner to make mechanical reproductions of AID reports in the possession and custody of the Department of Records, until such time as reasonable rules and regulations are adopted and promulgated by the Department of Records with respect to the manner and circumstances under which AID reports may be inspected and copied.